**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| *In re:* | ) | CASE NO. 2:14-bk-50397 |
| | ) | |
| ARTHUR JOSEPH CASNELLIE, III, | ) | JUDGE CHARLES M. CALDWELL |
| | ) | |
| Debtor. | ) | CHAPTER 13 |
| | ) | |
| | ) | |
| | ) | |
| | ) | |

### DEBTOR'S MOTION TO REQUIRE CREDITOR NATIONWIDE BANK TO APPEAR AND SHOW CAUSE WHY IT SHOULD NOT BE HELD IN CONTEMPT AND FOR SANCTIONS AND DAMAGES

Now comes Debtor, Arthur Casnellie, and requests that the Court set this matter for a hearing to require Nationwide Bank to appear and show cause why it should not be held in contempt.

The reasons supporting this motion for more fully set forth in the attached Memorandum.

                                                        Respectfully submitted,

                                                        */s/  M.G. Kafantaris*
                                                        Mark G. Kafantaris (#80392)
                                                        *Attorney for Debtor*
                                                        625 City Park Avenue
                                                        Columbus, Ohio 43206
                                                        Tel:   (614) 223-1444
                                                        Fax:  (614) 300-5123
                                                        E-mail: mark@kafantaris.com

## **MEMORANDUM IN SUPPORT**

Arthur Casnellie filed his Chapter 13 petition for relief on January 24, 2014. Immediately upon the filing, the automatic stay provisions went into effect pursuant to 11 U.S.C. 362(a). Creditors were specifically prohibited from taking action to collect, assess, or recover on a claim that arose before the case was commenced.

Nationwide Bank was listed in Schedule D of the petition in connection with its secured lien on Debtor's 2000 Winnebago 32V recreational vehicle. Nationwide Bank received notice of the filing and retained counsel to represent its interests in connection with its secured claim. Nationwide Bank filed an Objection to Confirmation of Debtor's Chapter 13 Plan on February 18, 2014. *See* Doc. No. 17. When it became clear to Nationwide Bank that Debtor would amending the Plan to surrender the Winnebago that secured its claim, it withdrew its Objection. *See* Doc. No. 31. Nationwide Bank thereafter proceeded to file three separate motions for relief from stay. *See* Doc. Nos. 19, 32, and 44. The first two motions were deemed deficient by the Court and were consequently denied. *See* Doc. Nos. 21 and 33.

However, the third motion was granted on June 17, 2014. *See* Doc. No. 44. If the provisions of 11 U.S.C. 362(a) were not already clear to Nationwide Bank, the Court expressly stated the limitation on Nationwide Bank from engaging in any other collection activity beyond its in rem remedies with respect to the collateral:

> Movant is **not** granted relief from stay to pursue or initiate any collection action against the Debtor(s) personally. Nothing in this Order shall be construed to permit the Movant, its successors or assigns to proceed in personam against the Debtor(s). The Movant shall not initiate any proceeding against the Debtor(s) personally, nor shall any personal judgment be entered against the Debtor(s), **nor shall Movant pursue collection activities against the Debtor(s)** other than as specifically authorized herein. (Emphasis added)

Despite this, Nationwide Bank made numerous collection attempts from Mr. Casnellie directly. These attempts are outlined below:

1. On August 28, 2018, Nationwide Bank sent a letter to Mr. Casnellie directly with a "settlement offer" to "satisfy [his] outstanding debt." A copy of the letter is attached hereon as Exhibit "A."

2. On September 5, 2018, at 4:12 p.m., Nationwide Bank called Mr. Casnellie at work in an attempt to collect the debt. A copy of the call details are attached hereon as Exhibit "B-1"

3. On September 7, 2018, at 8:15 a.m., Nationwide Bank called Mr. Casnellie at work in an attempt to collect the debt. A copy of the call details are attached hereon as Exhibit "B-2"

4. On September 7, 2018, at 4:01 p.m., Nationwide Bank called Mr. Casnellie at work in an attempt to collect the debt. A copy of the call details are attached hereon as Exhibit "B-3"

5. On September 13, 2018, at 1:24 p.m., Nationwide Bank called Mr. Casnellie at work in an attempt to collect the debt. A copy of the call details are attached hereon as Exhibit "B-4"

6. On September 20, 2018, at 8:41 a.m., Nationwide Bank called Mr. Casnellie at work in an attempt to collect the debt. A copy of the call details are attached hereon as Exhibit "B-5"

7. On October 4, 2018, at 2:03 p.m., Nationwide Bank called Mr. Casnellie at work in an attempt to collect the debt. A copy of the call details are attached hereon as Exhibit "B-6"

8. On October 8, 2018, at 1:54 p.m., Nationwide Bank called Mr. Casnellie at work in an attempt to collect the debt. A copy of the call details are attached hereon as Exhibit "B-7"

9. On October 10, 2018, 2018, at 2:05 p.m., Nationwide Bank called Mr. Casnellie at work in an attempt to collect the debt. A copy of the call details are attached hereon as Exhibit "B-8"

10. On October 18, 2018, at 2:41 p.m., Nationwide Bank called Mr. Casnellie at work in an attempt to collect the debt. A copy of the call details are attached hereon as Exhibit "B-9"

A transcript of one of the messages left for Mr. Casnellie reads as follows:

> REPRESENTATIVE OF NATIONWIDE BANK: Mr. Casnellie, my name is Steven contacting you on behalf of Nationwide Bank. I need to hear back from you as soon as possible. I can be reached at my office directly at 1-800-394-3821, extension 5417. My office will be open until 11 pm eastern standard time today. Please return this phone call promptly. Thank you."

The automatic stay, as codified at 11 U.S.C. § 362(a)(6), prohibits creditors from acting to collect, assess, or recover a claim that arose before commencement of a bankruptcy case. "The automatic stay is among the most fundamental debtor protections in bankruptcy law and its scope in protecting debtors and debtor property is broad." *In re Cousins*, 404 BR 281, Bankr. Court, SD Ohio 2009, citing *Rijos v. Vizcaya (In re Rijos),* 263 B.R. 382, 389 (1st Cir. BAP 2001); *O'Neal v. Beneficial of Tennessee, Inc. (In re O'Neal),* 165 B.R. 859, 862 (Bankr.M.D.Tenn.1994) (citing *Smith v. First America Bank (In re Smith),* 876 F.2d 524, 525 (6th Cir.1989))

Congress' legislative history sets forth eloquently the basic purposes of the automatic stay:

> It gives the debtor a breathing spell from his creditors. It stops all collection efforts, all harassment, and all foreclosure actions. It permits the debtor to attempt a repayment or reorganization plan, or simply to be relieved of the financial pressures that drove him into bankruptcy.
>
> The automatic stay also provides creditor protection. Without it, certain creditors would be able to pursue their own remedies against the debtor's property. Those who acted first would obtain payment of their claims in preference and to the detriment of other creditors. Bankruptcy is designed to provide an orderly liquidation procedure in which all creditors are treated equally.

H.R.Rep. No. 95-595 (1977), *reprinted in* 1978 U.S.C.C.A.N. 5787, 6296-97; S.Rep. No. 95-989 (1978), *reprinted in* 1978 U.S.C.C.A.N. 5787, 5835-36. The legislative history further informs that:

> Paragraph (6) prevents creditors from attempting in any way to collect a prepetition debt. Creditors in consumer cases occasional telephone debtors to encourage repayment in spite of bankruptcy. Inexperience, frightened, or ill-counseled debtors may succumb to suggestions to repay notwithstanding bankruptcy. This provision prevents evasion of the purpose of the bankruptcy laws by sophisticated creditors.

H.R.Rep. No. 95-595 (1977), *reprinted in* 1978 U.S.C.C.A.N. 5787, 6298; S.Rep. No. 95-989 (1978), *reprinted in* 1978 U.S.C.C.A.N. 5787, 5836-37. The ultimate determination of whether a contact is prohibited by the automatic stay is whether the purpose of the contact relates to payment of the debt. *In re Cousins*, *supra.*

As the Court can plainly see, the purpose of Nationwide Bank's numerous written and telephone contacts with Mr. Casnellie were exclusively to arrange for the payment of a prepetition debt. More troubling is that the contact was willful to the extent Nationwide Bank disregarded clear warnings and continued to act unlawfully. And there can be no argument that Nationwide Bank was unaware of the pendency of the case to the extent it had counsel actively filing pleadings on its behalf. The contacts proved especially frustrating for Mr. Casnellie, who has gone to great lengths to resolve his debts through his Chapter 13 and avoid precisely this type of activity. Pursuant to 11 U.S.C. § 362(k), willful violations of the stay are punishable by actual and punitive damages together with attorney's fees.

Mr. Casnellie has sustained actual damages and attorney's fees. Given Nationwide Bank's ambivalence to the operation of the stay as well as the Court's June 17, 214 Order expressly prohibiting collection activity, Debtor submits that punitive sanctions are warranted as well.

**WHEREFORE**, Debtor requests that the Court set this matter for a hearing to require Nationwide Bank to appear and show cause why it should not be held in contempt. Debtor will be prepared to offer evidence of damages and attorney fees at that time.

Respectfully submitted,

  */s/  M.G. Kafantaris*
Mark G. Kafantaris (#80392)
*Attorney for Debtor*
625 City Park Avenue
Columbus, Ohio 43206
Tel:   (614) 223-1444
Fax:  (614) 300-5123
E-mail: mark@kafantaris.com

## **CERTIFICATE OF SERVICE**

This is to certify that on November 28, 2018, a true copy of the foregoing was served upon the following registered ECF participants, electronically, through the Court's ECF System at the e-mail addresses registered with the Court:

- Asst US Trustee (Col)    ustpregion09.cb.ecf@usdoj.gov
- Faye English    notices@ch13columbus.com
- Alison A. Gill alison.gill@ohiolaws.com, sara.weaver@ohiolaws.com
- Stephen Franks  bronationalecf@weltman.com, ecf.sfranks@weltman.com

And on the following by Certified U.S. Mail pursuant to Fed. R. Bankr. Procedure 7004(h):

Nationwide Bank
Attention: Chief Executive Officer
One Nationwide Plaza
1-14-401
Columbus, Ohio 43215

And on the following by First Class Mail pursuant to Fed. R. Bankr. Procedure 7004(h):

Stephen R. Franks
Weltman, Weinberg & Reis
965 Keynote Circle
Brooklyn Heights, Ohio 44131

  */s/ M. G. Kafantaris*
Mark G. Kafantaris